UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARCHIE LEMONT BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV00590 AGF |
| | ) |
| CORIZON HEALTH, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Before the Court is pro se Plaintiff Archie Lemont Butler's request that the Court issue subpoenas to the following entities: non-party Barnes-Jewish Hospital ("Barnes-Jewish"); Defendant Corizon, LLC ("Corizon"); and non-party St. Louis City Justice Center. Plaintiff seeks from each of these entities his dental records from December 2015 to August 2016. Plaintiff also requests a copy of the docket sheet. In response, Corizon states that it will provide Plaintiff's dental and medical records from the St. Louis City Justice Center from his intake in October 2015 to July 12, 2016, and that issuing subpoenas to Corizon and St. Louis City Justice Center would therefore be unnecessary. (Doc. No. 26 at 2.) Corizon also asserts that it is in the course of obtaining Plaintiff's updated medical and dental records and will produce any further supplementation. In reply, Plaintiff maintains his request to subpoena his dental records from Barnes-Jewish. Plaintiff also appears to request an extension of time to make his Rule 26(a)(1) disclosures.

Corizon does not object to Plaintiff's request to subpoena Barnes-Jewish so long as Plaintiff adheres to Rule 45, Fed. R. Civ. P. Upon review of the record, it is unclear when Plaintiff received dental treatment at Barnes-Jewish, and whether the records of that treatment, if any, are relevant to this instant action.

For the reasons stated above and for good cause shown,

**IT IS HEREBY ORDERED** that Plaintiff's motion for issuance of subpoenas (Doc. No. 25) is **DENIED in part, as moot,** with respect to Corizon, LLC and St. Louis City Justice Center, and **DENIED without prejudice** with respect to Barnes-Jewish.

**IT IS FURTHER ORDERED** that, if Plaintiff still wishes to subpoena Barnes-Jewish, he must, **no later than Friday, December 16, 2016**, submit to the Court a motion and memorandum explaining (1) why the documents he seeks are relevant to his case, (2) why he believes Barnes-Jewish has possession of relevant documents, and (3) how he will provide the necessary costs, if any, related to document production.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send Plaintiff a copy of the docket sheet.

**IT IS FURTHER ORDERED** that Plaintiff's request for an extension of time to make his Rule 26(a)(1) disclosures is **GRANTED**. No later than **Friday, December 30, 2016**, Plaintiff is directed to disclose to the other parties the following:

(A) A list, including addresses, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim.

(B) All documents that Plaintiff believes mention, relate to, or in any way support Plaintiff's claim.

Dated this 30th day of November, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE